**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,[1]<br><br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>SESCO BENEFIT SERVICES, INC., a Tennessee Corporation; and PETER HOLLER, an individual,<br><br>Defendants. | Adversary Proceeding<br>Case No. 19-51064 (JKS) |

**ANSWER TO COMPLAINT OBJECTING TO CLAIMS AND COUNTERCLAIMING FOR AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS, FOR EQUITABLE SUBORDINATION, FOR SALE OF UNREGISTERED SECURITIES, FRAUD, AND FOR AIDING AND ABETTING FRAUD**

Sesco Benefit Services, Inc. and Peter Holler (the "Defendants"), by and through their undersigned counsel, hereby answer the Complaint Objecting to Claims and Counterclaiming for Avoidance and Recovery of Avoidable Transfers, for Equitable Subordination, for Sale of Unregistered Securities, Fraud, and for Aiding and Abetting Fraud (the "Complaint") filed by Michael Goldberg, in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust (the "Plaintiff"), as follows:

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172).

## NATURE OF THE ACTION

1. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 1, and therefore deny such allegations.

2. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 2, and therefore deny such allegations.

3. The Defendants deny the allegations set forth in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. The Defendants admit the allegations set forth in paragraph 4 of the Complaint.

5. The Defendants admit the allegations set forth in paragraph 5 of the Complaint.

## THE PARTIES

6. The Defendants do not respond to the allegations set forth in paragraph 6 in that it states an argument and conclusion of law as to which no response is required. To the extent a response is required, Defendants deny such allegations.

7. The Defendants do not respond to the allegations set forth in paragraph 7 in that it states an argument and conclusion of law as to which no response is required. To the extent a response is required, Defendants deny such allegations.

8. The Defendants do not respond to the allegations set forth in paragraph 8 in that it states an argument and conclusion of law as to which no response is required. To the extent a response is required, Defendants deny such allegations.

9. The Defendants do not respond to the allegations set forth in paragraph 9 in that it states an argument and conclusion of law as to which no response is required. To the extent a response is required, Defendants deny such allegations.

10. The Defendants do not respond to the allegations set forth in paragraph 10 in that it states an argument and conclusion of law as to which no response is required. To the extent a response is required, Defendants deny such allegations.

11. The Defendants do not respond to the allegations set forth in paragraph 11 in that it states an argument and conclusion of law as to which no response is required. To the extent a response is required, Defendants deny such allegations.

12. The Defendants do not respond to the allegations set forth in paragraph 12 in that it states an argument and conclusion of law as to which no response is required. To the extent a response is required, Defendants deny such allegations.

13. The Defendants admit the allegations set forth in paragraph 13 of the Complaint.

14. The Defendants deny the allegations set forth in paragraph 14 of the Complaint.

## FACTUAL BACKGROUND

15. Paragraph 15 states legal conclusions to which no responses are required. To the extent responses are required, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 15, and therefore deny such allegations.

16. Paragraph 16 states legal conclusions to which no responses are required. To the extent responses are required, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 16, and therefore deny such allegations.

17. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 17, and therefore deny such allegations.

18. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 18, and therefore deny such allegations.

19. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 19, and therefore deny such allegations.

20. The Defendants admit the allegations set forth in the first sentence of paragraph 20 of the Complaint. Defendants deny the remaining allegations set forth in paragraph 20 of the Complaint.

21. The Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22. Defendants deny that Peter Holler received any of the 90 Day Transfers. The Defendants admit the remaining allegations set forth in paragraph 22 of the Complaint.

23. Defendants deny that Peter Holler received any of the Two Year Transfers. The Defendants admit the remaining allegations set forth in paragraph 23 of the Complaint.

## FIRST CLAIM FOR RELIEF

### Avoidance and Recovery of Preferential Transfers (against Defendant Sesco)

24. As their response to paragraph 24, the Defendants repeat, reallege, and incorporate by reference their response to paragraphs 1 through 23 as if fully set forth herein.

25. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 25, and therefore deny such allegations.

26. The Defendants admit that the 90 Day Transfers were made to defendant Sesco on account of an antecedent debt, and deny the remaining allegations set forth in paragraph 26 of the Complaint.

27. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 27, and therefore deny such allegations.

28. The Defendants deny the allegations set forth in paragraph 28 of the Complaint.

## SECOND CLAIM FOR RELIEF

**Avoidance and Recovery of Actual Intent Fraudulent Transfers – Bankruptcy Code**

29. As their response to paragraph 29, the Defendants repeat, reallege, and incorporate by reference their response to paragraphs 1 through 28 as if fully set forth herein.

30. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 30, and therefore deny such allegations.

31. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 31, and therefore deny such allegations.

32. The Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33. The Defendants deny the allegations set forth in paragraph 33 of the Complaint.

## THIRD CLAIM FOR RELIEF

**Avoidance and Recovery of Constructive Fraudulent Transfers – Bankruptcy Code**

34. As their response to paragraph 34, the Defendants repeat, reallege, and incorporate by reference their response to paragraphs 1 through 33 as if fully set forth herein.

35. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 35, and therefore deny such allegations.

36. The Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37. The Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38. The Defendants deny the allegations set forth in paragraph 38 of the Complaint.

**FOURTH CLAIM FOR RELIEF**

**Avoidance acid Recovery of Actual Intent Voidable Transactions – State Law**

39. As their response to paragraph 39, the Defendants repeat, reallege, and incorporate by reference their response to paragraphs 1 through 38 as if fully set forth herein.

40. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 40, and therefore deny such allegations.

41. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 41, and therefore deny such allegations.

42. The Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 43, and therefore deny such allegations.

44. The Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45. The Defendants deny the allegations set forth in paragraph 45 of the Complaint.

**FIFTH CLAIM FOR RELIEF**

**Avoidance and Recovery of Constructive Voidable Transactions – State Law**

46. As their response to paragraph 46, the Defendants repeat, reallege, and incorporate by reference their response to paragraphs 1 through 45 as if fully set forth herein.

47. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 47, and therefore deny such allegations.

48. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 48, and therefore deny such allegations.

49. The Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 50, and therefore deny such allegations.

51. The Defendants deny the allegations set forth in paragraph 51 of the Complaint.

52. The Defendants deny the allegations set forth in paragraph 52 of the Complaint.

## SIXTH CLAIM FOR RELIEF

### Objection to Claims (Bankruptcy Code Section 502(d))

53. As their response to paragraph 53, the Defendants repeat, reallege, and incorporate by reference their response to paragraphs 1 through 52 as if fully set forth herein.

54. The Defendants deny the allegations set forth in paragraph 54 of the Complaint.

55. The Defendants deny the allegations set forth in paragraph 55 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

### Equitable Subordination of Claims

56. As their response to paragraph 56, the Defendants repeat, reallege, and incorporate by reference their response to paragraphs 1 through 55 as if fully set forth herein.

57. The Defendants deny the allegations set forth in paragraph 57 of the Complaint.

58. The Defendants deny the allegations set forth in paragraph 58 of the Complaint.

59. The Defendants deny the allegations set forth in paragraph 59 of the Complaint.

60. The Defendants deny the allegations set forth in paragraph 60 of the Complaint.

61. The Defendants deny the allegations set forth in paragraph 61 of the Complaint.

## EIGHTH CLAIM FOR RELIEF

### Sale of Unregistered Securities (Securities Act Sections 5(a), 5(c), and 12(a))

62. As their response to paragraph 62, the Defendants repeat, reallege, and incorporate by reference their response to paragraphs 1 through 61 as if fully set forth herein.

63. The Defendants deny the allegations set forth in paragraph 63 of the Complaint.

64. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 64, and therefore deny such allegations.

65. The Defendants deny the allegations set forth in paragraph 65 of the Complaint.

66. The Defendants deny the allegations set forth in paragraph 66 of the Complaint.

67. The Defendants deny the allegations set forth in paragraph 67 of the Complaint.

68. The Defendants deny the allegations set forth in paragraph 68 of the Complaint.

## NINTH CLAIM FOR RELIEF

### Fraud

69. As their response to paragraph 69, the Defendants repeat, reallege, and incorporate by reference their response to paragraphs 1 through 68 as if fully set forth herein.

70. The Defendants deny the allegations set forth in paragraph 70 of the Complaint.

71. The Defendants deny the allegations set forth in paragraph 71 of the Complaint.

72. The Defendants deny the allegations set forth in paragraph 72 of the Complaint.

73. The Defendants deny the allegations set forth in paragraph 73 of the Complaint.

74. The Defendants deny the allegations set forth in paragraph 74 of the Complaint.

## TENTH CLAIM FOR RELIEF

### Aiding and Abetting Fraud

75. As their response to paragraph 75, the Defendants repeat, reallege, and incorporate by reference their response to paragraphs 1 through 74 as if fully set forth herein.

76. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 76, and therefore deny such allegations.

77. The Defendants deny the allegations set forth in paragraph 77 of the Complaint.

78. The Defendants deny the allegations set forth in paragraph 78 of the Complaint.

79. The Defendants deny the allegations set forth in paragraph 79 of the Complaint.

80. The Defendants deny the allegations set forth in paragraph 80 of the Complaint.

**PRAYER FOR RELIEF**

The Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief paragraph.

**DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The claims alleged in the Complaint are barred by the applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

The claims in the Complaint are barred by the intentional misconduct of the Debtors.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of setoff and/or recoupment and/or release and waiver.

**FIFTH AFFIRMATIVE DEFENSE**

Fraud on the part of the Defendants has not been plead with the requisite particularity.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants are entitled to equitable indemnity from the Debtors due to the Debtors' intentional misconduct.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff may not recover the alleged preferential transfers because the parties intended the transfers to be part of a contemporaneous exchange for new value given to the Debtors, and the transfers were in fact, substantially contemporaneous under 11 U.S.C. § 547(c)(1).

**EIGHTH AFFIRMATIVE DEFENSE**

The Transfers may not be avoided by Plaintiff by reason that the receipt of such transfers was in the ordinary course of business under 11 U.S.C. § 547(c)(2).

**NINTH AFFIRMATIVE DEFENSE**

The Transfers may not be avoided by reason of the new value provided by the Defendants pursuant to 11 U.S.C. § 547(c)(4) because the Defendants provided new value to or for the benefit of the Debtors following certain payments.

**TENTH AFFIRMATIVE DEFENSE**

Some or all of the transfers described in the Complaint were made to Defendants in payment of a debt in good faith, and without knowledge of the avoidability of the alleged transfer pursuant to 11 U.S.C. § 550(b).

**ELEVENTH AFFIRMATIVE DEFENSE**

Some or all of the transfers described in the Complaint are not avoidable because Defendants took in good faith and for reasonably equivalent value pursuant to California Code § 3439.08.

**TWELFTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred under the doctrines of waiver, release, laches, unclean hands, in pari delicto, and/or estoppel.

Defendants reserve the right to allege other affirmative defenses, if any, as they become known during the course of discovery and specifically reserves the right to amend their answer to allege such affirmative defenses as they become known. Further, to the extent that any of the stated affirmative defenses are deemed to be in the nature of counterclaims, Defendants reserve the right to prosecute them as such.

**JURY TRIAL DEMANDED**

The Defendants demand a jury trial in this adversary proceeding.

**STATEMENT UNDER DEL. BANKR. L.R. 7012-1**

The Defendants do not consent to the entry of final orders or judgment by the Court.

Dated: February 4, 2022

**COZEN O'CONNOR**

*/s/ Thomas M. Horan*

Thomas M. Horan (DE Bar No. 4641)
1201 N. Market St., Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2045
E-mail: thoran@cozen.com

*Counsel to Sesco Benefit Services, Inc. and Peter Holler*